UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

TIFFANY OSWALT                                                                             PLAINTIFF

CIVIL ACTION NO.  1:22cv022-SA-DAS

**\*Jury Trial Demanded**

CITY OF BOONEVILLE, MISSISSIPPI,
DUSTIN RAMBO, INDIVIDUALLY AND
AS POLICE OFFICER FOR THE CITY
OF BOONEVILLE, MISSISSIPPI, MICHAEL
RAMEY, INDIVIDUALLY AND AS CHIEF
OF POLICE FOR THE CITY OF BOONEVILLE,
MISSISSIPPI; 1-10 ALL WHOSE NAMES ARE
PRESENTLY UNKNOWN, INDIVIDUALLY                    Defendants

**COMPLAINT**

Comes now Plaintiff, Tiffany Oswalt, by and through, Thomas H. Comer, Jr., her attorney of record, and files this her complaint hereby asserting the following claims against Defendants, in the above styled and numbered cause and for cause of action will show unto this honorable Court as follows, to-wit:

I.

**INTRODUCTION AND CAUSES OF ACTION**

This action is brought for the denial of the constitutional right of Plaintiff, Tiffany Oswalt, and for damages for violations of the Mississippi Torts Claim Act under the Court's supplemental jurisdiction by Defendants pursuant to the following authorities, to-wit:

*(1) violations of 42 U. S. C. §1983 - arrest;*
*(2) violations of 42 U. S. C. §1983 - detention and confinement;*

*(3) violations of 42 U. S. C. §1983 - conspiracy;*
*(4) violations of 42 U. S. C. §1983 - refusing or neglecting to prevent;*
*(5) violations of the Fourth Amendment of the United States Constitution;*
*(6) violations of the Fourteenth Amendment of the United States Constitution;*
*(7) Fourth Amendment Claim for Infliction of Unnecessary and Excessive Force*
*(8) violations of Mississippi Tort Claims Act Section §11-46-1 et seq.*
*(9) malicious abuse of prosecution;*
*(10) conspiracy;*
*(11) intentional infliction of emotional distress;*
*(12) negligent infliction of emotional distress;*
*(13) general negligence; and*
*(14) violations of state constitutional rights.*

## II.
## JURISDICTION

1. Jurisdiction of this Court arises under 28 U. S. C. §§ 1331, 1337, 1343(a) and 1387(a); 42 U. S. C. §§ 1983, 1985, 1986; and 18 U. S. C. §§ 1961 - 1968.

2. Jurisdiction of this Court for the pendent claims is authorized by Rule 18(a) and arises under the doctrine of pendent jurisdiction as set forth on *United Mine Workers v. Gibbs*, 383 U. S. 715 (1966).

## III.
## VENUE

3. Venue is proper in the Aberdeen Division of the Northern District of Mississippi pursuant to 28 U. S. C. §1391 since the Defendants are located or reside therein and a substantial part of the events giving rise to this cause action occurred in the Aberdeen Division of the Northern District of Mississippi.

IV.

## PARTIES

4. Plaintiff, Tiffany Oswalt, is an adult resident citizen of Prentiss County, Mississippi, who is a natural person and was a resident of Mississippi during all relevant times involved in this action.

5. Defendant, City of Booneville, Mississippi, is a political subdivision of the State of Mississippi and a municipality existing under the laws of the State of Mississippi. The City of Booneville is located in Prentiss County, Mississippi and at all relevant times acted under color of law in carrying out its official police duties through its chief of police and other officers and detectives on its police force. The City of Booneville may be served with process upon its mayor, Chris Lindley, or upon its City Clerk, Sharon Williams.

6. Michael Ramey, Defendant, is the Chief of Police for the City of Booneville and is named as a Defendant individually and in his official capacity as the Booneville Chief of Police.

7. Dustin Rambo, Defendant, was a police officer for the City of Booneville and is named as a Defendant individually and in his official capacity as police officer and may be served with process in Prentiss County, Mississippi.

8. Defendants 1-10 all of whose names are presently unknown but will be substituted by amendment when ascertained are individuals who were or purported to be police officers and private persons who participated in the incidents which form the basis of this lawsuit.

V.

## FACTS AND CAUSE OF ACTION

9. On or about August 13, 2020 at approximately 10:00 p.m., the Plaintiff, Tiffany

Oswalt, departed the Super 8 motel on foot. As she walked across the motel parking lot, she was approached by the Defendant, Booneville Police Department Officer Dustin Rambo, who ordered her to enter the front passenger seat of his Booneville Police Department patrol vehicle causing Plaintiff to believe she was under arrest. Defendant, Booneville Police Department Officer Rambo then ordered her to get in the Booneville Police Department patrol car's back seat and lay down so she could not be seen. Plaintiff obeyed his orders.

10. Defendant Rambo then drove to a warehouse parking lot in the city limits of Booneville, Mississippi. After Defendant Rambo stopped, he removed his police equipment and uniform and exited the patrol vehicle. Defendant Rambo then proceeded to brutally jerk and drag Plaintiff out of the patrol vehicle slamming her to the ground and causing numerous bruises on her body. While being terrified of Plaintiff's treatment by the Defendant Rambo, his actions of getting undressed and forcefully and violently dragging her out of the patrol vehicle, she was fearful he was going to rape her.

11. Once outside the patrol vehicle, the Defendant Rambo forcefully and violently continued his sexual assault upon the Plaintiff by shoving her up against the patrol car, grasping the base of her skull and attempting to pull Plaintiff's pants down from the waist. Being unsuccessful, the Defendant Rambo violently and forcefully grabbed Plaintiff's vagina through her pants causing a bleeding laceration to the exterior of her vagina. During this time of Plaintiff's abduction by Defendant Rambo, he continuously threatened and cursed her and called her vile and vulgar names.

12. Next, the Defendant Rambo proceeded to forcefully and violently take control of Plaintiff's hand and utilized it to forcefully stroke his erect penis until he ejaculated. While the

Defendant Rambo proceeded to put his clothes back on, the Plaintiff was able to run away and escape. She later gave a statement of the above events to the Booneville Police Department on October 9, 2020.

13. Prior to the August 13, 2020 events, the Booneville Police Department received credible information that the Defendant Rambo was stealing money from those citizens he had encountered while on official duty as a Booneville Police Department officer. This information also indicated that the Defendant Rambo was engaged in sexual activity with certain citizens of Booneville while on official duty as a Booneville Police Department officer. In June of 2020, the Federal Bureau of Investigation (FBI) initiated a civil rights investigation of the Defendant Rambo. All during this time, the Defendant Rambo was engaged as an employed police officer with Booneville Police Department. At this time the Defendant Rambo was not suspended, put on leave or terminated by the Defendant, City of Booneville, MS.

14. While a civil rights investigation was proceeding in 2020, the Defendant Rambo continued with his bad acts as Booneville Police Department officer. Investigation revealed that on May 10, 2020, the Defendant Rambo while acting as a Booneville Police Department officer stole money from a female citizen. In December 2020, the Defendant Rambo stole money and pills from a female citizen while serving as a Booneville Police Department officer. On January 26, 2021, the Defendant Rambo stole money from a citizen while serving as a Booneville Police Department officer. In June 2020, approximately a month before the Plaintiff was sexually assaulted by the Defendant Rambo (August 13, 2020), a citizen reported to the Defendant Michael Ramey that the Defendant Rambo stole money from her during an arrest by Defendant Rambo.

15. During the aforementioned times and events, the Defendant, City of Booneville, MS did absolutely nothing in regard to suspending, placing on leave or terminating the Defendant, Booneville Police Department officer Rambo to prevent him from committing bad acts while acting in the scope of his employment as Booneville Police Department officer. No action was taken by the Defendant City of Booneville and other Defendants even though they had credible evidence of Defendant Rambo's wrongdoings, which should have resulted in swift if not immediate suspension or termination, and that such wrongdoings required that he be terminated.

16. Prior to the Defendant Rambo's employment with the Defendant City of Booneville, the Defendant Rambo was caught stealing money from the Mississippi Department of Transportation while acting as employee officer. Furthermore, Defendant Rambo lied on his application to become a Booneville Police Department officer. Defendant City of Booneville made no investigation of the Defendant Rambo's past employment although they had easy access to such information.

17. Upon information and belief, Defendants City of Booneville, Michael Ramey, Dustin Rambo and other Defendants 1-10 failed to have in place adequate and non-ambiguous policies, training and/or supervision relating to the proper and legal manner Booneville Police Department law enforcement officers conducted themselves in interacting with the citizens of Booneville, MS, including the Plaintiff, in the pursuit, arrest, search, detention and confinement and use of force.

18. Furthermore, upon information and belief, Defendants, City of Booneville, Michael Ramey, Dustin Rambo and Defendants 1-10, prior to and including the time of attack upon the Plaintiff by Defendant Rambo, entered into and participated in practice and policies of

condoning, overlooking, permitting and aiding and assisting Booneville Police Department law enforcement officers in committing illegal, unconstitutional bad acts against the citizens, including Plaintiff, while within the City of Booneville, MS.

19. As a proximate result of all the Defendants' intentional, malicious and negligent acts and omissions, and in particular on August 13, 2020, Plaintiff has suffered permanent physical injuries, emotional injuries of fear, stress, depression, anxiety, embarrassment, humiliation, loss of income and incurment of expenses.

20. Notice of intent to sue the City of Booneville, MS was properly and timely given pursuant to §11-46-11 Miss Code Ann. and Plaintiff has fully complied with such section.

## COUNT 1

## VIOLATIONS OF 42 U. S. C. §1983 - ARREST

21. Plaintiff expressly incorporates herein each and every preceding paragraph by reference as fully as though copied at length herein, and re-alleges all allegations contained in those paragraphs in Count I. At all times relevant herein, the conduct of all Defendants were subject to 42 U. S. C. §§ 1983, 1985, 1986 and 1988. Acting under the color of law, Defendants denied Tiffany Oswalt her rights, privileges or immunities secured by the U. S. Constitution and Federal Law by:

(a) depriving her of her liberty without due process of law by taking her into custody and holding her against her will;

(b) by making unreasonable searches and seizures of her property without due process of law;

(c) by conspiring for the purpose of impeding and hindering the due course of justice with intent to deny Tiffany Oswalt the equal protection of the laws;

(d) by refusing or neglecting to prevent such deprivations and denials to Tiffany Oswalt thereby depriving her of her rights, privileges and immunities as guaranteed by the Fourth, Fifth and Fourteen Amendments to the Constitution of the United States;

## COUNT 2

## VIOLATIONS OF 42 U. S. C. §1983 - DETENTION AND CONFINEMENT

22. Plaintiff expressly incorporates herein each and every preceding paragraph by reference as fully as though copied at length herein and re-alleges all allegations contained in those paragraphs in Count 2. As a result of the concerted unlawful and malicious detention and confinement of Tiffany Oswalt, Defendants deprived her of both her right to liberty without due process of law and her right to equal protection of the laws thereby impeding the due course of justice in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 11 U. S. C. § 1983.

## COUNT 3

## VIOLATIONS OF 42 U. S. C. §1983 - CONSPIRACY

23. Plaintiff expressly incorporates herein each and every preceding paragraph by reference as fully as though copied at length herein and re-alleges all allegations contained in those paragraphs in Count 3. As a result of the concerted unlawful and malicious conspiracy of Defendants, the Plaintiff, Tiffany Oswalt, was deprived of both her liberty without due process of law and her right to equal protection of the laws thereby impeding the due course of justice in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and

11 U. S. C. § 1983.

## COUNT 4

**VIOLATIONS OF 42 U. S. C. §1983 - REFUSING OR NEGLECTING TO PREVENT**

24. Plaintiff expressly incorporates herein each and every preceding paragraph by reference as fully as though copied at length herein and re-alleges all allegations contained in those paragraphs in Count 4. At all times relevant to this complaint, Defendants were acting under the direction, control, instance, request and authority of the City of Booneville, Mississippi, Defendant, Michael Ramey, Chief of Police for the City of Booneville, Mississippi and Defendants 1-10.

25. Acting under color of law and pursuant to official policy and unofficial policy or custom Defendants, City of Booneville, Defendants, Michael Ramey, Chief of Police for the City of Booneville, Mississippi and Defendants 1-10 knowingly, recklessly or with gross negligence failed to instruct, supervise, control and discipline on a continuing basis the Booneville Police Department police officers, specifically Defendant Dustin Rambo for the City of Booneville Police Department and Defendants 1-10 in the performance of their duties and to refrain from:

   (a) unlawfully and maliciously arresting, imprisoning and prosecuting citizens, including Plaintiff, who were acting within accordance of her constitutional and statutory rights, privileges and immunities;

   (b) conspiring to violate the rights, privileges and immunities guaranteed to Plaintiff by the U. S. Constitution and the laws of the United States and the laws of the State of Mississippi; and

(c) otherwise depriving Plaintiff of her constitutional and statutory rights, privileges and immunities.

26. Defendants, City of Booneville, Michael Ramey, Chief of Police for the City of Booneville, Dustin Rambo and Defendant's 1-10 knew or should have known that if they had diligently exercised their duties to instruct, supervise, control and discipline on a continuing basis that the wrongs being done and conspired to be done were being inflicted upon Plaintiff and others could have been prevented. Defendants, City of Booneville, Mississippi and Michael Ramey and Defendants 1-10 had the power to prevent or aid in preventing the commission of said wrongs and could have prevented the wrongs from being committed on Plaintiff by reasonable diligence, but knowingly, recklessly or with gross negligence failed or refused to so do.

27. Defendants directly or indirectly under color of law approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct of the City of Booneville, Mississippi Police Department, its officers and other personnel.

28. Defendants City of Booneville, Mississippi, Michael Ramey, Chief of Police and Defendants 1-10 failed to provide Booneville Police Department officers and employees with adequate supervision and/or training and failed to enact or adopt, consistent and unambiguous policies relating to reasonable search or investigation and the appropriate use of force and/or failed to adequately train or instruct Booneville Police Department officers concerning such policies and/or failed to adequately enforce such policies or to adequately supervise those individuals carrying out the duties of a Booneville Police Department officer. Such failure constitutes a deliberate indifference to the know and/or obvious needs for proper supervision,

training, enactment, or enforcement of adequate policies and the likely harm to members of the public as a result.

29. At all times relevant to this lawsuit, Defendants City of Booneville and Michael Ramey, had in place written or unwritten policies, practices, and/or customs which encouraged, enabled and/or allowed the country's deputies/employees to act with deliberate indifference to the constitutional rights of individuals.

30. Pursuant to 42 U.S.C. and the Fourth Amendment to the United States Constitution , all Defendants are jointly and severally liable for the violation of the civil and constitutional rights of the Plaintiff, Tiffany Oswalt.

31. As a direct and proximate cause of the negligent and intentional acts of Defendants as set forth above, Plaintiff suffered severe physical injury, loss of income and expenses and severe mental anguish and injury past, present and future as well as permanent in connection with the deprivation of her constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the U. S. Constitution and protected by 42 U. S. C. § 1983.

## COUNT 5

## VIOLATIONS OF THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION

32. Plaintiff expressly incorporates herein each and all preceding paragraphs by reference as fully as though copied at length herein and re-alleges all allegations contained in those paragraphs in Count 5. As a result of the concerted, unlawful and malicious acts of Defendants, Plaintiff, Tiffany Oswalt, was deprived of both her liberty without due process of law and her right to equal protection of the laws, and the due course of justice was impeded in

violation of the 5th and 14th Amendments of the Constitution of the United States and 42 USC §1983 and §1985.

## COUNT 6

## VIOLATIONS OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION

33. Plaintiff expressly incorporates herein each and all preceding paragraphs by reference as fully as though copied at length herein and re-alleges all allegations contained in these paragraphs in Count 6. During the time of her detention by Defendant Rambo, Plaintiff, Tiffany Oswalt, was subjected to improper searches without due process of law and her right to protection of the laws, and the due course of justice was impeded in violation of the 4th, 5th, 9th and 14th Amendments of the Constitution of the United States and 43 USC §1983.

## COUNT 7

## FOURTH AMENDMENT CLAIM FOR INFLICTION OF UNNECESSARY AND EXCESSIVE FORCE INCLUDING SEXUAL ASSAULT

34. Plaintiff incorporates herein each and all preceding paragraphs as if fully set forth herein by reference and further alleges as follows:

Defendants, City of Booneville, Mississippi, Michael Ramey, Chief of Police, Dustin Rambo and Defendants 1-10 in their individual capacities and under color of state law and with callous disregard and/or malicious intent, violated Plaintiff's well established right to be free from the use of unnecessary and excessive force pursuant to 42 U.S.C. 1983 and the Fourth Amendment to the United States Constitution, by illegally using unnecessarily excessive and unwarranted force on the Plaintiff, and threatening her with physical force, and by arresting and

detaining the Plaintiff when she posed no physical threat, was in no way resisting arrest, and was not in violation of any law and going further by sexually assaulting the Plaintiff, Tiffany Oswalt.

## COUNT 8

## VIOLATIONS OF THE MISSISSIPPI TORT CLAIMS ACT SECTION §11-46-1, ET SEQ.

35. Plaintiff expressly incorporates herein each and all preceding paragraphs by reference as fully as though copied at length herein and re-alleges all allegations contained in those paragraphs in Count 8. The City of Booneville acting through it's Chief of Police, Michael Ramey, Defendants 1-10, Defendant Rambo, it's policemen and police department and under color of state law intimidated and threatened Plaintiff, Tiffany Oswalt putting her in continuing anxiety and fear and finally ending in the illegal detention, abuse and sexual assault upon the Plaintiff, Tiffany Oswalt on August 13, 2020 by Defendant Rambo. The actions of the City of Booneville acting through it's police department are in violation of the Mississippi Tort Claims Act, Section 11-46-1, et seq.

## COUNT 9

## MALICIOUS ABUSE OF PROSECUTION

36. Plaintiff expressly incorporates herein any and all preceding paragraphs by reference as fully as though copied at length herein and re-alleges all allegations contained in those paragraphs in Count 9. Defendants maliciously used illegal process to accomplish an ulterior purpose for which it was not designed or intended or which was not a legitimate purpose of the particular process involved.

## COUNT 10

## CONSPIRACY

37. Plaintiff expressly incorporates herein any and all preceding paragraphs herein by reference as fully as though copied at length herein and re-alleges all allegations contained in those paragraphs in Count 10. All of the Defendants had an improper object to be accomplished, had an agreement on the course of action to accomplish the improper object to be accomplished, had an agreement on the course of action to accomplish the improper object, performed one or more overt acts to accomplish the object thereby causing damages to the Plaintiff, Tiffany Oswalt. These unlawful acts included the illegal arrest, detention, abuse and sexual assault upon Plaintiff, Tiffany Oswalt

## COUNT 11

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

38. Plaintiff expressly incorporates herein any and all preceding paragraphs herein by reference as fully as though copied at length herein and re-alleges all allegations contained in those paragraphs in Count 11. Defendants intentionally and deliberately inflicted emotional distress on the Plaintiff, Tiffany Oswalt, by conspiring and maliciously arresting, detaining, abusing and sexual assaulting the Plaintiff, Tiffany Oswalt, and by abusing the lawful process for unlawful purposes by violating the Constitutional rights of the Plaintiff, Tiffany Oswalt. The conduct of Defendants was extreme and outrageous and beyond all possible bounds of decency. The Plaintiff, Tiffany Oswalt has suffered emotional distress at the hands of Defendants by the intentional acts of Defendants.

## COUNT 12

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

39. Plaintiff expressly incorporates herein any and all preceding paragraphs herein by reference as fully as though copied at length herein and re-alleges all allegations contained in those paragraphs in Count 12 . The City of Booneville and Michael Ramey, it's Chief of Police in charge of the Booneville Police Department and personnel working for the Booneville Police Department had an affirmative duty to insure that the officers and detectives protected the rights of all individuals. However, the Defendants continually neglected their duty and negligently inflicted emotional distress on the Plaintiff, Tiffany Oswalt. The negligent breach of their duties caused the Plaintiff emotional distress.

## COUNT 13

## GENERAL NEGLIGENCE

40. Plaintiff expressly incorporates herein any and all preceding paragraphs herein by reference as fully as though copied at length herein and re-alleges all allegations contained in those paragraphs in Count 13. Defendants owed a duty to supervise and train the officers and to take steps to prevent events such as occurred in this case, the false arrest and detention, abuse and sexual assault of Plaintiff, Tiffany Oswalt. Defendants owed a duty to the Plaintiff, Tiffany Oswalt in this case, but totally breached the standard of ordinary care required of them to supervise their subordinates. As a result of these breaches, the Plaintiff, Tiffany Oswalt, suffered damages from the negligence of all Defendants jointly and severally.

## COUNT 14

## VIOLATIONS OF STATE CONSTITUTIONAL RIGHTS

41. Plaintiff expressly incorporates herein any and all preceding paragraphs herein by reference as fully as though copied at length herein and re-alleges all allegations contained in those paragraphs in Count 14. Defendants continually violated the Plaintiff Tiffany Oswalt's State Constitutional rights specifically the right to not be deprived of life, liberty or property except by the due process of law, and Defendants subjected Plaintiff, Tiffany Oswalt, to cruel and unusual punishment. Plaintiff suffered physical and emotional injuries by the Defendants breach of their duty to comply with the State Constitution.

## VICARIOUS LIABILITY

42. The City of Booneville, Mississippi is vicariously liable for the acts of their employees, agents and public officers under the doctrine of respondeat superior.

## DAMAGES

43. As a direct and proximate result of the actions and omissions of all Defendants, Plaintiff, Tiffany Oswalt, has suffered damages including but not limited to, medical bills, physical injuries, pain and suffering, and past, present and future mental anguish and anxiety, humiliation and fear.

## REQUEST FOR RELIEF

Plaintiff, Tiffany Oswalt, requests the following relief:

That process be issued in accordance with law to the Defendants and that Plaintiff be granted a jury trial and judgment from and against the Defendants as follows:

1. Reasonable compensatory damages from and against each of the Defendants

individually, jointly, severally and/or vicariously, as appropriate;

    2. Punitive damages from and against each of the individual Defendants jointly and severally;

    3. Plaintiffs' costs of court, including reasonable attorney fees and expenses pursuant to 42 U.S.C. 1988 and state law;

    4. Pre and Post judgment interest at the maximum lawful rate from the date of filing of this complaint until paid in full;

    5. General relief.

> Respectfully Submitted,
> COMER LAW FIRM
>
> By: */s/Thomas H. Comer, Jr.*
>     THOMAS H. COMER, JR., Attorney
>     for Plaintiff; MSB #6425

COMER LAW FIRM
101 WEST COLLEGE STREET
P.O. BOX 24
BOONEVILLE, MISSISSIPPI 38829
(662)728-8101
(866)245-2479 (F)
thcomer@bellsouth.net